UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-cv-20772-ALTMAN

MIGUEL ANGEL AGUIRRE RODRIGUEZ,

     *Petitioner*,

v.

KRISTI NOEM, *et al.*,

     *Respondents*.

_____/

## ORDER

Miguel Angel Aguirre Rodriguez's Petition for Writ of Habeas Corpus (the "Petition") [ECF No. 1] presents a question of statutory interpretation that has divided judges across the country: Is an alien who's living in the United States without having been lawfully admitted subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), or is he entitled to a bond hearing under 8 U.S.C. § 1226(a)? After a careful review of the Petition and the Government's Response ("Response") [ECF No. 8], we **DENY** the Petition.

## BACKGROUND

Our Petitioner, Miguel Angel Aguirre Rodriguez, is a citizen of Mexico who's been charged with entering the United States without admission or inspection. *See* Petition ¶ 15. "On October 13, 2025, [the] Petitioner was stopped by local traffic police in Florida and subsequently transferred into the custody of the Department of Homeland Security [('DHS')]." *Id.* ¶ 19. "Following that encounter, he was placed into immigration detention and has remained continuously detained since that date." *Ibid.* The "Petitioner is detained at Miami Federal Detention Center, Miami, Florida." *Id.* ¶ 25. The "Petitioner is currently in removal proceedings under section 240 of the Immigration and Nationality Act" ("INA"). *Id.* ¶ 20. The "Petitioner's request for custody redetermination was denied . . . due to

lack of jurisdiction by the Immigration Judge, based on DHS's classification of [the] Petitioner as subject to mandatory detention under INA § 235(b)." *Id.* ¶ 40. "The Immigration Court," therefore, "expressly determined it has no authority to consider bond" for the Petitioner. *Id.* ¶ 41.

The Petitioner now seeks habeas relief in our Court, arguing that the Respondents have misinterpreted the detention provisions of the Immigration and Nationality Act ("INA") and asking us to "[i]ssue a *writ of habeas corpus* requiring that, within one day, [the] Respondents release [the] Petitioner" or, in the alternative, "requiring [the] Respondents to release [the] Petitioner unless they provide a bond hearing under 8 U.S.C. § 1226(a) within seven days[.]" *Id.* at Prayer for Relief. The Petitioner also alleges a "[v]iolation of the Due Process Clause of the Fifth Amendment to the U.S. Constitution[.]" *Id.* at 12. Finally, the Petitioner "seek[s] enforcement of his rights as a member of the Bond Eligible Class certified in" *Maldonado Bautista v. Santacruz*, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025). *Id.* ¶ 3.

## THE LAW

Section 2241 allows district courts to grant relief to petitioners who are held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This jurisdiction extends to petitioners challenging their detention under our immigration laws. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## ANALYSIS

### I.      The Petitioner's Detention is Governed by 8 U.S.C. § 1225

The Petitioner argues that he is "detained under 8 U.S.C. § 1226(a) and thus may not be denied consideration for release on bond under § 1225(b)(2)(A)." Petition ¶ 5. The Petitioner alleges that he "[e]ntered the United States without inspection over thirty-one (31) years ago and was not apprehended upon arrival" and "[i]s not detained under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231." *Id.* ¶ 8(b)–(c).

Section 1225 governs the inspection and removal of a specific subset of aliens—"applicants for admission." 8 U.S.C. § 1225(a). Subsection (a)(1) defines "applicant[s] for admission" as "alien[s] present in the United States who [have] not been admitted *or* who arrive[ ] in the United States[.]" § 1225(a)(1) (emphasis added). An alien hasn't been "admitted" to the United States until he's obtained "lawful entry . . . into the United States after inspection and authorization by an immigration officer." § 1101(a)(13)(A). An applicant for admission who isn't "clearly and beyond a doubt entitled to be admitted" to the United States "shall be detained" for removal proceedings. § 1225(b)(2)(A).

The Petitioner contends that he's not an "applicant for admission" subject to mandatory detention under § 1225. In the Petitioner's view, his detention is governed by § 1226, under which aliens are generally entitled to a bond hearing at the outset of their detention, because he "[e]ntered the United States without inspection over thirty-one (31) years ago and was not apprehended upon arrival[.]" Petition ¶ 8(b). The Respondents disagree, arguing that, "presence without admission renders an individual like [the] Petitioner to be both an 'applicant for admission' and 'seeking admission' under 8 U.S.C. § 1225(b)(2) and therefore subject to mandatory detention—regardless of how much time the individual has been present in the United States." Response at 4. As we've said in other similar cases, we agree with the Respondents. *See, e.g.*, *Hernandez v. Miami Field Off. Dir.*, 2026 WL 554694 (S.D. Fla. Feb. 27, 2026) (Altman, J.).

This question—whether an alien who's lived in the United States unlawfully for years is an "applicant for admission" under § 1225—has divided the judges in our District. *Compare Morales v. Noem*, 2026 WL 236307, at *8 (S.D. Fla. Jan. 29, 2026) (Singhal, J.) ("Because Petitioner is present without admission, he is an 'applicant for admission' governed by section 1225."); *with Ardon-Quiroz v. Assistant Field Dir.*, 2025 WL 3451645, at *7 (S.D. Fla. Dec. 1, 2025) (Becerra, J.) (holding that a petitioner, like ours, was "governed by section 1226(a) and, therefore, . . . entitled to an individualized bond hearing"). And the Eleventh Circuit hasn't resolved this split—although two relevant appeals

3

are pending in that court. *See Alvarez v. Warden*, No. 25-14065 (11th Cir.); *Perez v. Parra*, No. 25-14075 (11th Cir.).

The Fifth Circuit, however, *has* addressed this precise question in a recent (and thorough) opinion. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). In that case, the Fifth Circuit concluded that "[t]he text and context of § 1225 contradict[ed]" the Petitioner's position and held that aliens "present in the United States [that] [have] not been admitted" are unambiguously "applicants for admission within the meaning of § 1225(a)(1)." *Id.* at 502.

After careful review, we think the Fifth Circuit and our own Judge Singhal have the better view. *See generally ibid.*; *Morales*, 2026 WL 236307. The plain text of § 1225(a)(1) defines aliens, like our Petitioner, as "applicants for admission" notwithstanding their distance from the border or the time they've spent in the United States without admission. And, while the text of the statute resolves the question presented in our case, we also agree with the Fifth Circuit that the contrary view would yield some bizarre results. As the Fifth Circuit observed: "It seems strange to suggest that Congress would have preserved bond hearings exclusively for unlawful entrants." *Buenrostro-Mendez*, 166 F.4th at 508.

We thus conclude that the Petitioner is an "applicant for admission" and that his detention is governed by § 1225, which doesn't grant him the right to an individualized bond hearing. *See id.* at 502 ("Nor do the petitioners dispute that if § 1225(b)(2)(A) applies to them, it would require their detention without eligibility for bond. The statute unambiguously provides for mandatory detention. And neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings." (cleaned up)).[1]

---

[1] We recognize that we've adopted what is currently the minority view among district courts. *See Buenrostro-Mendez*, 166 F.4th at 500 ("Since DHS began to detain unadmitted aliens under § 1225(b)(2)(A), well over a thousand aliens have filed habeas corpus petitions seeking bond hearings. In most of these cases, the district court found in favor of the petitioner."). Still, many judges across the country agree with the position we've taken here. *See, e.g.*, *Uulu v. Warden*, 2026 WL 412204 (E.D. Cal. Feb. 13, 2026) (Shubb, J.); *Arana v. Arteta*, 2026 WL 279786 (S.D.N.Y. Feb. 3, 2026) (Woods, J.); *Lopez v. Dir. of Enf't & Removal Operations*, 2026 WL 261938 (M.D. Fla. Jan. 26, 2026) (Pratt, J.); *Gutierrez*

## II.     The Petitioner's Detention Doesn't Violate Due Process

The Petitioner also advances a due-process claim. *See* Petition ¶¶ 50–59; *see also* ¶ 52 ("The Department of Homeland Security has acted arbitrarily and capriciously in continuing to detain Petitioner without any individualized justification[.]"). We reject this argument with little difficulty. The Supreme Court has already held that the government needn't conduct individualized bond hearings to determine an alien's flight risk and may detain aliens in removal proceedings to combat the risk of widespread flight. *See Demore v. Kim*, 538 U.S. 510, 528 (2003) (upholding § 1226(c)'s mandatory-detention scheme against a challenge that alien detainees had a due-process right to individualized bond hearings); *cf. Morales*, 2026 WL 236307, at *9 (rejecting a due-process claim in circumstances very similar to ours); *Emilio Polo Noel v. Kelei Walker, et al.*, 2026 WL 672903 (S.D. Fla. Mar. 10, 2026) (Altman, J.) (rejecting a similar due-process claim).

## III.     The Petitioner's Class-Action Claim

The Petitioner also purports to bring his claims as a member of the class in *Maldonado Bautista v. Santacruz*, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025), a case in which a Central District of California judge held that the detention of aliens, like the Petitioner, is governed by § 1226. *See* Petition ¶¶ 8–14; *see also id.* ¶ 11 ("[The] Respondents are bound by the judgment in *Maldonado Bautista*, as it has the full 'force and effect of a final judgment.'" (quoting 28 U.S.C. § 2201(a)). "As a member of the Bond Eligible Class," the Petitioner argues, he "is entitled to consideration for release on bond under 8 U.S.C. § 1226(a)." *Id.* ¶ 45. For two reasons, we don't think this entitles him to relief here.

*First*, the Petitioner doesn't explain how a judgment in the Central District of California (involving different parties) binds *this* Court. Absent the application of *res judicata* or collateral estoppel, a district court is *not* bound by another district's judgment. *See Stone v. First Union Corp.*, 371 F.3d 1305,

---

*Sosa v. Holt*, 2026 WL 36344 (W.D. Okla. Jan. 6, 2026) (Wyrick, J.). And we think that number will grow once these cases reach the circuit courts.

1310 (11th Cir. 2004) (noting that district courts cannot bind one another). Here, our Petitioner didn't expressly invoke *res judicata* or collateral estoppel. *See* Petition ¶¶ 44–49. And, even if he had, those doctrines wouldn't help him. "*Res judicata* applies only when the parties to the action, or their privies, are identical in the prior and subsequent action." *Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1075 (11th Cir. 2013). In *Bautista*, our Petitioner wasn't a petitioner-plaintiff and one of our Respondents, the Warden of the Miami Federal Detention, wasn't a respondent-defendant. The parties therefore aren't "identical." Plus, it's black-letter law that "offensive collateral estoppel simply does not apply against the government in such a way as to preclude relitigation of issues[.]" *United States v. Mendoza*, 464 U.S. 154, 163 (1984).

*Second*, if our Petitioner believes he's entitled to a bond hearing because of his membership in the *Bautista* class, his remedy would lie in the Central District of California. But we can't transfer the Petition to that district because that court plainly has *no* jurisdiction over our Petitioner's § 2241 claims. *See Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section 2241 petitions may be brought only in the district in which the inmate is incarcerated."); AC ¶ 25 ("[The] Petitioner is detained at Miami Federal Detention Center, Miami, Florida."). We're therefore the *only* district in which the Petitioner can bring his claims. And, as we've said, we find his claims meritless.

## CONCLUSION

After careful review, therefore, we **ORDER and ADJUDGE** as follows:

1.  The Amended Petition for Writ of Habeas Corpus [ECF No. 1] is **DENIED**.

2.  All pending deadlines are **TERMINATED**, and any pending motions are **DENIED as moot**. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on March 23, 2026.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

Noticing INS Attorney
Email: usafls-immigration@usdoj.gov

7